MARIA CLARK ET AL., Respondents, *v.* MICHAEL
KINEALY, Appellant.

### December 12, 1882.

1. GARNISHMENT — SET-OFF.— A garnishee may set-off only such claims as he had against the original defendant at the date of the garnishment.

2. STIPULATIONS — EVIDENCE — ADMISSIONS.— On appeal from a justice in garnishment, a stipulation that "any facts appearing in the transcript of the justice or the papers transmitted by him may be considered by the court," is not an admission that statements in the garnishee's answer, which had been traversed, are "facts appearing" in the case.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

M. KINEALY, *pro se:* The defendant can make the same defence against the plaintiffs that he could make against the bank in a suit by it against him. — *Weil* v. *Tyler*, 38 Mo. 545. And can, in this action, set up all defences against the plaintiff which would have been good against the bank. — *Firebaugh* v. *Stone*, 36 Mo. 111. The answer of the garnishee must stand until overcome by evidence. — *Holton* v. *Railroad Co.*, 50 Mo. 151.

DANIEL DILLON, for the respondents: A garnishee cannot avail himself of a set-off which he acquired after garnishment. — Drake on Attach., sect. 687; *Reppy* v. *Reppy*, 46 Mo. 571.

BAKEWELL, J., delivered the opinion of the court.

Plaintiff obtained judgment against defendant before a justice of the peace, as garnishee of the Butchers and Drovers' Bank. On trial anew in the circuit court, there was judgment against defendant.

In the circuit court a jury was waived, and the cause was submitted upon the following agreed statement of facts :—

"Plaintiff, on the 25th day of October, 1880, duly obtained judgment against the Butchers & Drovers' Bank, a

corporation, before P. J. Taaffe, a justice of the peace in the city of St. Louis, for $96.35 debt, and costs which amounted to $19, and on said 25th day of October, 1880, said justice issued an execution on said judgment for said debt and costs in favor of plaintiffs and against said bank, and under and by virtue of said execution, by direction of plaintiffs, said Michael Kinealy was, on the 24th day of November, 1880, duly summoned and served as garnishee. At the time said Kinealy was summoned and served as garnishee as aforesaid he was indebted to said bank in a sum equal to said judgment and costs; that after said Kinealy was so summoned as garnishee he became the owner of the ' scrip ' issued by said bank to an amount which at its face value equalled said judgment and costs, which he tendered to plaintiff in discharge of his liability as garnishee, and which at the trial of this cause before the justice he tendered to plaintiffs, together with the costs at the time of said trial, which plaintiffs refused to accept; and said Kinealy still continues said tender. Said ' scrip ' was in form as follows : —

" ' Exhibit " A."

" ' State of Missouri.

" ' No. 991.                                                        $5.

" ' This is to certify that the Butchers & Drovers' Bank of St. Louis is indebted to the bearer in the sum of five dollars, payable on or before August 1, 1880.   This certificate has the security of the assets of said bank, amounting to $750,000, and is further secured by property conveyed to trustee for securing its payment by E. B. Hudson, M. F. Smith, and M. C. Chambers, of the value of $250,000, and is receivable for all debts due to the Butchers and Drovers' Bank.   Issue limited to $650,000.

[Signed]   " ' B. MAZIERE CHAMBERS, *Pres't.*

" ' J. DESLOGE, *Teller.'*

" The cause of action upon which plaintiffs secured their said judgment against said bank was based on some of said

scrip which said bank had given to plaintiffs for an equal amount of money which plaintiffs had on deposit with said bank when it failed and closed its doors. Said bank was entirely insolvent when said Kinealy became the owner of the said scrip, which he tendered to plaintiffs, and said scrip was not worth in the market over ten cents on the dollar.

" *It is further agreed that any facts appearing in the transcript of the said justice in this case, or in the papers transmitted by him to this court and not inconsistent with the facts hereby agreed to, may be considered by the court in rendering a judgment in this case;* and the deposit of said scrip by said Kinealy in court during the pendency of this trial has been and is waived."

Whilst the garnishee is allowed to retain in his hands, notwithstanding the garnishment, of the funds of the debtor, an amount equal to all sums of which he might avail himself by way of set-off if the action was by the original defendant himself against the garnishee, it is well settled that the claim of the garnishee against the original debtor must be one that existed at the time of the garnishment. If the set-off was acquired after the garnishment, it cannot avail the garnishee as against his liability to the original defendant in regard to which he is called upon to answer.

In his answer to the garnishment, the garnishee set up that, " prior to said garnishment, to wit, on August 1, 1877, he was indebted to said bank in a sum exceeding plaintiff's demand ; that, therefore, as this garnishee is informed and believes, and therefore asserts, the said bank and the largest number of its creditors, including, as this garnishee is informed and believes, and therefore asserts, the plaintiffs herein, for a valuable consideration agreed to and with each other, and for the benefit of all others concerned, including the debtors of said bank, that said bank should issue notes or ' scrip ' for said indebtedness, and that said scrip should be received by said bank in payment

of all indebtedness due it on any account whatever; and this garnishee is informed and believes, and therefore asserts, that plaintiffs accepted said notes or scrip for their debt due by said bank, and became a party to said agreement, and that the judgment on which this garnishment was made was obtained on said scrip, and plaintiffs are therefore bound to receive said scrip from this garnishee in payment of said claim, and defendant garnishee hereby brings into court and tenders to plaintiff the said amount of their said demand in said scrip."

We need not consider whether these facts constitute a defence, because they are not in the agreed case. The garnishee contends that they are, because, he says, the answer of the garnishee, which is sworn to, must be taken to be true, and all its averments are, therefore, to be regarded as facts, and, as such, are covered by the clause in the stipulation that the court may consider any facts appearing in the transcript of the justice, or in the papers transmitted by him to the circuit court, and not inconsistent with the facts agreed to.

This interpretation of the stipulation is clearly contrary to the intention of the parties, and looks like an attempt to spring a trap. Clearly, the parties could easily have referred to the answer and embodied its statements in the stipulation by a direct reference, had they intended to admit them as facts.

It is true that in Missouri and some other states, the answer of the garnishee is taken to be true, though traversed, until it is disproved. *Holton* v. *Railroad*, 50 Mo. 151. In this case, the plaintiffs traversed the answer, and having done so, and gone to trial on an agreed statement of facts, they are not to be taken to admit that its statements are "facts appearing in the case," within the meaning of the stipulation. Though the allegations of the answer are to be taken as true, if, on the trial, in the ordinary course, they are not disproved, yet they cannot be called " facts

appearing in the case,'' when traversed, and when the introduction of all evidence is done away with by a stipulation between the parties agreeing upon the facts. The concluding words of the stipulation must be regarded merely as a saving clause to enable the court in trying the facts to supply an accidental omission in matter of date or detail by reference to the papers from the justice.

The judgment is affirmed. All the judges concur.